*Scott, for appellant.*

---

## HAHN v. DORA.

**Contracts—Variance Between That Proved and That Alleged.**

The allegations in a petition were that corn was to be delivered at the Government warehouse in the city of Louisville or at defendant's place of business, and in the amended petition that it was to be delivered "at defendant's or at the Government warehouse or at his place of business," and the proof showed the corn was to be delivered at the "Government stables or at defendant's warehouse." The petition also alleged that the corn was to be "paid for as delivered by the wagon load," of which latter there was no proof that the Government warehouse and Government stables were the same place, nor any evidence that the defendant's warehouse was his place of business. Held, to be a variance between the contract alleged and the contract proved.

**Contract—Valid Delivery of Article Sold Under—What constitutes Tender.**

Under a contract for the sale of corn, to be delivered at the city of Louisville at a designated place, a tender to the defendant while the corn was partly on loaded cars in transit and partly in the City of Jeffersonville, Ind., and in quantities, at variance with the designated amounts to be delivered under the terms of the contract, would not be sufficient to hold the defendant liable for any loss the plaintiff would sustain in consequence of a sale at a less figure than that specified in the contract. The defendant was not bound to receive the corn thus offered, as a compliance with the contract.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 26, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

This action was brought by Dora upon an alleged contract for sale to Hahn of 5,000 bushels of corn, viz: 2,000 bushels of shelled corn and 3,000 bushels of corn in the ear, at the price of $1.25 per bushel, the weight of the bushel of each kind of corn being fixed, the corn to be delivered in reasonable time; the place of delivery in Louisville being specified. The plaintiff alleges that he had heretofore delivered to the defendant in Louisville 2,400 bushels of corn, of which 1884 bushels were shelled, and 356 in the ear, for which defendant had paid him; and that he had the remainder ready to deliver to him at Louisville, and had offered and tendered it to him, but that he had refused to receive it; that the corn was deteriorating, and he would be compelled to sell it for 90 cents per bushel, and he claims $966 as the amount of his loss. The defendant in answer denies that there was any such contract of sale and purchase, and denies all other material allegations of the petition.

The jury without instructions from the court found for the plaintiff $966 in damages, for which a judgment was rendered; and the defendant's motion for a new trial on the ground that the verdict was against the evidence and against the law having been overruled, he has appealed from the judgment.

It is now objected, first, that there is a variance between the contract proved and the contract alleged; second, that there is no evidence of a sufficient offer to deliver, and, third, that the plaintiff's evidence shows that he did not offer the proper quantities of corn in ear and of shelled corn to make the proper quantities of each which according to his evidence remained to be delivered.

1. The contract alleged in the original petition was, that the corn was to be delivered at the Government warehouse in the city (of Louisville) or at defendant's place of business—as stated in the amendment made during the trial; it was to be delivered "at his (defendant's) or the Government warehouse, or at his place of business;" the contract proved was that the corn was to be deliv-

ered at the "Government stables, or at defendant's warehouse," and there is no proof that the Government stables and the Government warehouse were the same place. . The petition also alleges that by the contract the corn was to be "paid for as delivered by the wagon load," of which there is no evidence whatever. Nor is there any evidence that the defendant's warehouse was his place of business, and this *is* impliedly negatived by the amendment.

There seems therefore to be a variance between the contract alleged and the contract proved.

2. The offer to deliver, though made at the defendant's place of business, was made when the corn was not even in the city of Louisville, but was on the opposite of the river, some indefinite part in cars on the way to Jeffersonville, and the rest in Jeffersonville, and the offer was not to deliver at any particular place in Louisville. If such an offer made under such circumstances should be deemed a sufficient tender to throw the loss upon the vendee, there was such a discrepancy with respect to the sort of corn to be delivered and that offered as rendered the offer insufficient, which will now be shown.

3. After the former delivery of a portion of the 5,000 bushels of corn and the payment therefor as alleged in the petition, there remained to be delivered of shelled corn 116 bushels and of corn in the ear 2,644 bushels. The proof is that plaintiff's agent offered to deliver to defendant in the city of Louisville 2760 bushels of corn, 156 bushels of shelled corn and the balance in the ear. In this offer there was offered an excess of 40 bushels in the quantity of shelled corn, and deficiency of 40 bushels in the corn in the ear, and for all that appears the defendant was not bound to receive the corn thus offered as a compliance with the contract on the part of the plaintiff.

We are of opinion, therefore, that upon the grounds filed a new trial should have been granted.

Wherefore, the judgment is reversed, and the cause remanded for a new trial in conformity with this opinion.